UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 9056 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| JAMES WARD #12533, | ) | Magistrate Judge Mason |
| LOUIS PINKLYN #15712, Individually | ) | |
| and THE CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE NO. 3

NOW COMES Plaintiff, BRIAN ANDERSON ("Anderson"), by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submit the following motion *in limine*.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO BAR EVIDENCE OF PRIOR BAD ACTS AND INFORMATION NOT KNOWN TO DEFENDANT AT THE TIME OF THE ENCOUNTERS

The Seventh Circuit has frequently warned about the danger of justifying violations of important constitutional rights by portraying victims as bad people. *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990). The Federal Rules of Evidence reflect these same concerns by providing clear prohibitions against the introduction of prior bad acts and any uncharged misconduct, unless it is relevant and significant to questions that the jury is being asked to consider. *See e.g.*, FRE 403, 404(b), 609. Specifically, Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]"

In this case, Plaintiff seeks to bar any references to (1) any of Brian Anderson's prior arrests; (2) any of Brian Anderson's felony convictions; (3) any history of illegal drug use by Brian Anderson prior to the date of the incident; (4) any possible gang affiliations of Brian Anderson prior to the date of the incident and/or any characterization of him as a "gangbanger" (or other similar characterization); and (5) any reference to Brian Anderson's alcohol level on the date of the incident.

### Prior Arrests Are Inadmissible

Brian Anderson had been arrested prior to the date in question. It is well-settled that arrests that do not lead to convictions are generally inadmissible. *See Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) (law is clear that a party's prior arrest record is inadmissible; even indirect reference to a party's past arrest is improper); *Brandon v. Village of Maywood*, 179 F. Supp 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record — such as "bias" or damages — because prejudice outweighs probative value, especially where officers did not know about the past arrest at the time of the incident). Evidence of Brian Anderson's prior arrests are nothing more than prior bad act evidence which is not admissible under the Federal Rules of Evidence. *See Gregory v. Oliver*, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [F.R.E.] 404(b)"); *Blessing v. Kulak*, 1988 WL 67637, at *1 (N.D. 111. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that [he] had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); *see also Earl v. Denny's, Inc.*, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an

award, not because it doubts [plaintiff's] veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent"); *Gora v. Costa*, 971 F. 2d 1325, 1331 (7th Cir. 1992) ("courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her.").

Such evidence is not probative of any issue in this case, would waste the jury's time, and is likely to confuse and/or mislead the jury. For these reasons, any reference to Brian Anderson's prior arrests should be barred pursuant to FRE 402, 403 and 404.

## **Gang affiliation**

Plaintiff moves, pursuant to Fed.R.Evid. 402, 403, 404(a), 404(b) and 608, for an order barring questions, argument, and innuendo regarding gang affiliation. The LEADS data contained in some of the materials produced by the Defendants in discovery has Mr. Anderson may possibly be "flagged" as a former gang member. To state the obvious, these documents are clearly hearsay and as such, are inadmissible in and of themselves. Furthermore, there is no evidence that there was any gang activity related to the incidents underlying this action. Thus, any reference to gangs would be prejudicial to Plaintiff and should be barred. *See Lopez v. City of Chicago*, 2005 WL 563212, at *5 (N.D. Ill. March 8, 2005) (Der-Yeghiayan, J.) (rejecting argument that gang affiliation went to §1983 plaintiff's damages and concluding that the unfair prejudice outweighed relevance); *United States v. Davis*, 2001 WL 1195729, at *2 (N.D.Ill. Oct. 9, 2001) (excluding gang references as "enormously and unfairly prejudicial" under FRE 403); *Brown v. Joswiak*, 2004 WL 407001, at *1 (N.D. Ill. Feb. 24, 2004) (barring without objection all references to "evidence or testimony concerning the gang affiliation or tattoos of Brown or his

witnesses").

These issues and incidents are inadmissible for the additional reason that the officers involved in this case had no prior personal knowledge of Anderson's alleged history at the time of the incident, and therefore, such information has no relevance to the Fourth Amendment inquiry. It is a bulwark of Fourth Amendment jurisprudence that a jury must judge the objective reasonableness of an officer's actions based on the facts known to the officer at the time he or she chose to act. *Sherrod v. Berry*, 856 F.2d 802, 804-805 (7th Cir. 1988) ("When a jury measures the objective reasonableness of an officer's action, it must stand in his shoes and judge the reasonableness of his actions based upon the information he possessed and the judgment he exercised in responding to that situation.")(*en banc*). As a result, juries are not permitted to learn facts that the officer did not possess at the time he acted.

Granting Plaintiff's motion and barring all reference to the incidents noted herein is proper under F.R.E. 401-403. The latter rule applies not only because of the risk of unfair prejudice and juror speculation about the import of the shooting, but also because interjecting the issue could occasion a needless trial within a trial. *See Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989) (Rule 403 applies where evidence would have given rise to the risk of a "trial within a trial").

### Other references to drug and/or alcohol intoxication

There may be some testimony Mr. Anderson consumed some amount of alcohol on the date of the incident at some point prior to his encounter with Defendants. There is no admissible evidence, however, to quantify how much of these substances had been consumed or, more to the point, the extent (if any) to which they influenced Mr.

Anderson's actions on the night in question. It is anticipated that Defendants will attempt to introduce evidence about the extent of Mr. Anderson's alcohol consumption on the date of the incident for the improper (and unsubstantiated) purpose of insinuating that his actions were driven by his substance use.

Since there is no solid evidence that he consumed alcohol or the amount thereof, said evidence should be inadmissible.