UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 9056 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| JAMES WARD #12533, | ) | Magistrate Judge Mason |
| LOUIS PINKLYN #15712, Individually | ) | |
| and THE CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE NO. 4

NOW COMES Plaintiff, BRIAN ANDERSON ("Anderson"), by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submit the following motion *in limine*.

## PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO BAR CHARACTER EVIDENCE RELATING TO THE DEFENDANT OFFICER

Defendants may have received commendations and/or awards in the course of his employment as a Chicago police officer. However, the introduction of this evidence at trial is inadmissible under Federal Rule of Evidence 404(a). *See* Fed. R. Evid. 404(a). Nor does such evidence fall under the character evidence exceptions. *See* Fed. R. Evid. 404(a)(1), 404(a)(2) and 404(a)(3).

Character evidence in the form of past commendations and/or honors of the Defendant officers is wholly unrelated and irrelevant to Plaintiff's claims. Such evidence does not bear upon the issue of excessive force used by Defendants. It is self-serving and catered to cast Defendants in a favorable light. Thus, it is a distraction from the true issues at bar in this matter: did Defendants use excessive force on Mr. Anderson without

legal justification to do so on January 16, 2013.

Furthermore, evidence of commendations earned by the Defendant would constitute inadmissible hearsay under Fed. R. Evid. 401(a)(1). *See United States v. Washington*, 106 F.3d 983 (D.C.Cir. 1997); *United States v. Nazzaro,* 889 F.2d 1158 (1st Cir. 1989); *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987). Lastly, such evidence has absolutely no probative value regarding the disputed issues in this litigation and would be highly prejudicial to Plaintiff. Hence, it must be excluded from trial. *See* Fed. R. Evid. 401, 403 and 404.

WHEREFORE, Plaintiff respectfully seeks an order barring all references to Defendants' awards and commendations.