## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 9056 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| JAMES WARD #12533, | ) | Magistrate Judge Mason |
| LOUIS PINKLYN #15712, Individually | ) | |
| and THE CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION IN LIMINE NO. 5

NOW COMES Plaintiff, BRIAN ANDERSON ("Anderson"), by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submit the following motion *in limine*.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO BAR ANY GENERAL ARGUMENT OR MENTION OF POLICE OFFICERS RISKING THEIR LIVES ON THE JOB

Defendants should be barred from mentioning and/or arguing that police officers risk their lives on the job. This evidence is not relevant to the instant cause and is intended to divert the jury's attention from the facts of the case. While it is true that some police officers may risk their life on the job, a general argument of this nature is not relevant to the incident in question and simply seeks to engender the jury's sympathy for the defendant due to his status as police officers. The fact that police officers do have some risk in their job speaks to nature of their profession and does not meaningfully contribute to a determination of whether defendants were legally justified in using deadly force on the night of the incident in question. Introducing testimony of the risks involved

in a police officer's job simply bolsters the officers as character evidence, in violation of FRE 404(b) and is a masked method of implying that police officers are heroes. This implication may result in the jury giving greater weight to the police officers or looking upon them sympathetically. Further, such evidence has absolutely no probative value regarding the disputed issues in this litigation and would be highly prejudicial to Plaintiffs. *See* Fed. R. Evid. 401, 403 and 404.

  Alternatively, even if Defendants are allowed to ask questions to the witnesses with regards to the risk involved, they should not be allowed to make any arguments related to the general risk a police officer has on the job in their closing argument. The closing argument only concerns facts or reasonable inferences that can be drawn from the facts of the case. Speaking generally about the risk that police officers take on the job is not connected to the facts of the case and therefore should not be allowed. If Defendants are allowed to speak generally about risks that a police officer encounters on the job, Plaintiff should also be allowed to speak about the abuses committed by these police officers as well.

  WHEREFORE, Plaintiff respectfully seeks an order barring all references to the argument that police officers risk their lives on the job.