UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 9056 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| JAMES WARD #12533, | ) | Magistrate Judge Mason |
| LOUIS PINKLYN #15712, Individually | ) | |
| and THE CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION IN LIMINE NO. 7

NOW COMES Plaintiff, BRIAN ANDERSON ("Anderson"), by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submit the following motion *in limine*.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 7 TO BAR DEFENDANTS FROM USING MUNICIPAL RESOURCES/POLICE DATABASES DURING AND AFTER JURY SELECTION

It is anticipated that defense counsel may attempt to use their unique access to police databases such as the CLEAR Data Warehouse and LEADS during jury selection to obtain information about the arrest records of prospective jurors. In recent cases such as *Anderson et. al. v. City of Chicago, et. al*., 09-c-2311 (N.D. Ill), after the jury had been picked, opening arguments heard, and witness testimony begun, counsel for defendants used their unique access to the foregoing databases to obtain information about the criminal history of a single juror (as it happens it was one of only two black jurors) and used that information to get that juror removed after trial had begun.

Permitting the Defendants to use their unique access to do background checks on

jurors is unfair and inappropriate. Plaintiffs clearly do not have the access to publicly funded, but secretly-maintained information databases such as CLEAR and LEADS. It is true that in the criminal courts of Cook County, States Attorneys do background checks on jurors. But there are various factors distinguishing that situation from the present one, including the fact that States Attorneys: 1) do this using a laptop in the court room, in the presence of defense counsel; 2) do it while the *voir dire* is occurring; 3) it is done in a manner so that both the Court and defense counsel are certain that all jurors (and not just certain jurors) are having their backgrounds checked; and 4) it is done in a manner which allows for the immediate rehabilitation of a juror if they forgot to mention a particular arrest or conviction.

In the *Anderson* case, after the jury was picked and the trial had begun, counsel for the City of Chicago used their unique access, after hours, to conduct a search on one particular juror to determine that he had previously been arrested. In that case, Judge St. Eve did not accept that juror's explanation that he did not hear her ask the potential jurors whether they had been previously arrested (this question was asked as a group question to all potential jurors, not individually), and that he would have answered honestly if he did hear Judge St. Eve ask this question. That juror, one of only two black jurors, was removed. As is often the case in these types of cases, all of the Plaintiffs in Anderson were black.

Counsel for Defendants in *Anderson* stated that a background check was only run on the one juror who was removed. Unless the background checks are going to be run in the courtroom, in the presence of Plaintiff's counsel and the Court, then there are problematic *Batson* issues. *See e.g.* the dissent in *Lamon v. Boatwright*, 467 F.3d 1097,

1104 (7th Cir. 2006) ("Had the trial court engaged in a step-three analysis, it could have compared juror Bell to the white jurors selected for the panel so that it could determine whether the prosecutor ran criminal background checks on any of them…"). Because if this process does not occur in open court then without any record of evidence, there is a "suggest[ion] that the explanation is a sham and a pretext for discrimination." *Id.*, (*quoting Miller-El*, 545 U.S. at 246, 125 S. Ct. at 2328 (*quoting Ex parte Travis*, 776 So.2d 874, 881 (Ala.2000)).

If defense counsel is allowed to use their unique access in an afterhours setting, then there will be no way to rehabilitate any jurors, and such a practice will impact the efficiency of this Court. Therefore, Defendants and defense counsel should be instructed to not run background checks on the jurors. Furthermore, any post-trial commencement investigation of any witnesses is a discovery violation and is clearly designed to create a trial by ambush and should be disallowed by this court.

WHEREFORE, Plaintiff respectfully requests an order barring Defendants and defense counsel from using any unique access to CLEAR, LEADS or any other governmental database for any purpose relating to this trial during the pendency of this trial.