## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN ANDERSON,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | **Case No. 13 CV 9056** |
| | ) | |
|     v. | ) | **Judge Guzman** |
| | ) | |
| **JAMES WARD #12533,** | ) | **Magistrate Judge Mason** |
| **LOUIS PINKLYN #15712, Individually** | ) | |
| **and THE CITY OF CHICAGO,** | ) | **JURY DEMAND** |
| | ) | |
|     **Defendants.** | ) | |

### PLAINTIFF'S MOTION IN LIMINE NO. 8

NOW COMES Plaintiff, BRIAN ANDERSON ("Anderson"), by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submit the following motion *in limine*.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 8 TO BAR REFERENCE TO THE ARREST RECORDS OR ARREST HISTORY OF THE PLAINTIFF AND ANY WITNESSES

Any reference to the prior arrest record of Plaintiff and any witnesses, including the nature of any criminal offense and any underlying facts and circumstances of the arrests, should be barred as this information is immaterial and irrelevant to any issues in this cause. Any arrest that did not result in a conviction is not admissible under Fed.R.Evid. 609, which provides only for the admission of criminal *convictions* into evidence under certain circumstances. Further, the prejudicial effect will outweigh any probative value this information may have. FRE 403.

Arrests that do not lead to convictions are generally inadmissible under well settled law. *See Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) (law is clear

that a party's prior arrest record is inadmissible; even indirect reference to a party's past arrest is improper); *Brandon v. Village of Maywood*, 179 F. Supp 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record — such as "bias" or damages — because prejudice outweighs probative value, especially where officers did not know about the past arrest at the time of the incident). Evidence of Plaintiff's or a witness' prior arrests is nothing more than prior bad act evidence which is not admissible under the Federal Rules of Evidence. *See Gregory v. Oliver*, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [F.R.E.] 404(b)"); *Blessing v. Kulak*, 1988 WL 67637, at *1 (N.D. 111. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that [he] had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); *see also Earl v. Denny's, Inc.*, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts [plaintiff's] veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent"); *Gora v. Costa*, 971 F. 2d 1325, 1331 (7th Cir. 1992) ("courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her.").

      Such evidence is not probative of any issue in this case, would waste the jury's time, and is likely to confuse and/or mislead the jury. For these reasons, any reference to arrests records and arrest history should be barred pursuant to Fed.R.Evid. 402, 403 and 404.

WHEREFORE, Plaintiff respectfully seeks an order barring reference to the arrest records or arrest history of the Plaintiffs and/or any witnesses.